## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Debora Heberlein,**

        **Plaintiff,**

**v.**                                                    **Case No. 06-2221-JWL**

**Board of Trustees of Labette County**
**Medical Center and William Mahoney,**


        **Defendants.**

### <u>MEMORANDUM & ORDER</u>

Plaintiff filed suit alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint (doc. 4) and plaintiff's motion to amend her complaint (doc. 6). As explained below, defendant's motion is granted in part and denied in part and plaintiff's motion is granted. Plaintiff shall file her amended complaint no later than Friday, August 25, 2007.

The Board of Trustees of Labette County Medical Center moves to dismiss plaintiff's complaint on the grounds that it is not plaintiff's former employer; rather, it is the Board of Trustees of plaintiff's former employer, Labette County Medical Center. Defendant William Mahoney moves to dismiss plaintiff's complaint on the grounds that, as an individual, he is not an "employer" for purposes of the ADEA. In response, plaintiff concedes that neither the Board of Trustees nor William Mahoney are proper defendants for the reasons asserted by defendants. Plaintiff has also moved to amend her complaint to name her former employer, Labette County Medical Center, as the sole defendant in this action. Indeed, as plaintiff highlights, the text of

her original complaint refers only to Labette County Medical Center (which is consistent with what plaintiff states was her intent–to state a cause of action against the Medical Center itself–and is also consistent with the contents of plaintiff's charge of discrimination). Defendants have not filed a response to plaintiff's motion to amend her complaint and have not filed a reply to plaintiff's response to the motion to dismiss.  It appears, then, that defendants concede that the approach suggested by plaintiff is an appropriate one and the court would so conclude in any event.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1321 (3rd ed. 2004) (case caption not determinative as to identity of the parties to the action; if body of complaint correctly identifies party being sued, courts will generally allow amendment to correct technical defects in caption).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion tod dismiss plaintiff's complaint (doc. 4) is granted in part and denied in part and plaintiff's motion to amend her complaint (doc. 6) is granted.  Defendants Board of Trustees of Labette County Medical Center and William Mahoney are dismissed from this action and plaintiff shall file an amended complaint correcting the caption of her case to name "Labette County Medical Center" as the sole defendant no later than Friday, August 25, 2006.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge